JUDGE KOELTL 14 CV 10002

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375



RECEIVED
DEC 19 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN JENKINS, on behalf of himself and all others similarly situated,<br><br>                         Plaintiff,<br><br>   -against-<br><br>WALKER RESOURCES, INC. d/b/a STAR STAFFING SERVICES, SPS RESOURCES, INC., HORNBLOWER GROUP, INC., HORNBLOWER YACHTS, INC., HORNBLOWER NEW YORK, LLC, MILTON WEIL, MICHAEL WALKER, GEORGE RIZZO, TERRY MACRAE, and CAMERON CLARK,<br><br>                      Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff Stephen Jenkins ("Plaintiff" or "Jenkins"), individually and on behalf of all others similarly situated, upon personal knowledge, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation, spread-of-hours pay, misappropriated tips, uniform-related expenses, and other damages for Plaintiff and any similarly situated co-workers – servers, bussers, bartenders, barbacks, and other "Tipped Workers" -- who work or have worked for Star Hospitality Group, and Tipped Workers who work or have worked for Star Hospitality Group at private events at Hornblower Cruises and Events ("Hornblower

Cruises") in New York.

2.     Owned and operated by Walker Resources, Inc. d/b/a Star Staffing Services, SPS Resources, Inc., Milton Weil, Michael Walker, and George Rizzo (collectively, "Star Defendants"), Star Hospitality Group claims to be "the premier provider of outsourced staffing services to the hospitality industry," and has contracts with various venues including, but not limited to, Hornblower Cruises, Hyatt Exchange, and Hyatt Times Square.

3.     Owned and operated by Hornblower Group, Inc., Hornblower Yachts, Inc., Hornblower New York, LLC, Terry MacRae, and Cameron Clark (collectively, "Hornblower Defendants"), Hornblower Cruises operates a dining cruise and charter yacht company offering dinner cruises, charter cruises, harbor cruises, corporate events, and weddings.   Though headquartered in California, Hornblower Cruises also operates cruises in Texas and New York through its subsidiaries.   The Hornblower Defendants retain the Star Defendants to provide banquet and food service staff for its events in New York.

4.     Star Defendants and Hornblower Defendants (collectively, "Defendants") are joint employers of Tipped Workers as both companies direct, manage and control the terms and conditions of Tipped Workers' employment.   In that regard, Star Defendants would schedule Tipped Workers to work a Hornblower Cruises event, and Hornblower Defendants would record the hours worked by Tipped Workers, supervise Tipped Workers, and assign Tipped Workers tasks at the events.

5.     Plaintiff brings this action on behalf of himself and all similarly situated current and former Tipped Workers of the Star Defendants who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

6.      Plaintiff also brings this action on behalf of himself and all similarly situated current and former Tipped Workers of the Star Defendants and the Hornblower Defendants pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

#### Stephen Jenkins

7.      Jenkins is an adult individual who is a resident of New York, New York.

8.      Jenkins has been employed at Star Hospitality Group as a server, bartender, and barback – a Tipped Worker – from in or around April 2013 to the present.  During this period, Plaintiff has worked numerous events at Hornblower Cruises.

9.      Jenkins is a covered employee within the meaning of the FLSA and the NYLL.

10.     A written consent form for Jenkins is being filed with this Class Action Complaint.

### Defendants

11.     Defendants have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

12.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

#### Walker Resources, Inc. d/b/a Star Staffing Services

13.     Together with the other Defendants, Defendant Walker Resources, Inc. d/b/a Star Staffing Services ("Walker Resources") has owned and/or operated Star Hospitality Group during the relevant period.

14.     Walker Resources is a domestic business corporation organized and existing under

the laws of New York.

15.     Walker Resources appears on Plaintiff's paystubs for work performed for Star Hospitality Group as "Star Staffing Services d/b/a Walker Resources, Inc."

16.     Walker Resources' principal executive office is located at 211 East 43rd Street, Suite 2001, New York, New York 10017.

17.     Walker Resources is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

18.     At all relevant times, Walker Resources has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

19.     Walker Resources has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to compensating Tipped Workers for all hours worked, the payment of overtime compensation, spread-of-hours pay, tips, and uniform-related expenses.

20.     Upon information and belief, at all relevant times Walker Resources' annual gross volume of sales made or business done was not less than $500,000.00.

**SPS Resources, Inc.**

21.     Together with the other Defendants, Defendant SPS Resources Inc. ("SPS Resources") has owned and/or operated Star Hospitality Group during the relevant period.

22.     SPS Resources is a domestic business corporation organized and existing under the laws of New York.

23.     SPS Resources' principal executive office is located at 211 East 43rd Street, Suite 2001, New York, New York 10017.

24.     SPS Resources has appeared on employment documents received by Plaintiff in

connection with his work at Star Hospitality Group, including but not limited to a letter received by Plaintiff regarding a payroll policy change.

25.     SPS Resources is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

26.     At all relevant times, SPS Resources has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

27.     SPS Resources has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to compensating Tipped Workers for all hours worked, the payment of overtime compensation, spread-of-hours pay, tips, and uniform-related expenses.

28.     Upon information and belief, at all relevant times SPS Resources' annual gross volume of sales made or business done was not less than $500,000.00.

**Hornblower Group Inc.**

29.     Together with the other Defendants, Defendant Hornblower Group Inc. ("Hornblower Group") has owned and/or operated Hornblower Cruises during the relevant period.

30.     Hornblower Group is a foreign business corporation organized and existing under the laws of California.

31.     Hornblower Group's principal executive office is located at Pier 3 the Embarcadero, San Francisco, California 94111.

32.     Hornblower Group is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

33.     At all relevant times, Hornblower Group has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and

other employment practices that applied to them.

34.     Hornblower Group has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to compensating Tipped Workers for all hours worked, the payment of overtime compensation, spread-of-hours pay, tips, and uniform-related expenses.

35.     Upon information and belief, at all relevant times Hornblower Group's annual gross volume of sales made or business done was not less than $500,000.00.

**Hornblower Yachts, Inc.**

36.     Together with the other Defendants, Defendant Hornblower Yachts, Inc. ("Hornblower Yachts") has owned and/or operated Hornblower Cruises during the relevant period.

37.     Hornblower Yachts is a foreign business corporation organized and existing under the laws of California.

38.     Hornblower Yachts' principal executive office is located at Pier 3 the Embarcadero, San Francisco, California 94111.

39.     Hornblower Yachts is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

40.     At all relevant times, Hornblower Yachts has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

41.     Hornblower Yachts has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to compensating Tipped Workers for all hours worked, the payment of overtime compensation, spread-of-hours pay, tips, and uniform-related expenses.

42.     Upon information and belief, at all relevant times Hornblower Yachts' annual

gross volume of sales made or business done was not less than $500,000.00.

**Hornblower New York, LLC**

43.     Together with the other Defendants, Defendant Hornblower New York, LLC ("Hornblower NY") has owned and/or operated Hornblower Cruises during the relevant period.

44.     Hornblower NY is a foreign limited liability company organized and existing under the laws of Delaware.

45.     Hornblower NY's principal executive office is located at 353 West Street, Pier 40, New York, New York 10014.

46.     Hornblower NY is the "Premises Name" that appears on the active New York State Liquor license for the premises doing business as "HORNBLOWER HYBRID" located at "353 WEST ST., PIER 40, NEW YORK, NY 10014."

47.     Hornblower NY is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

48.     At all relevant times, Hornblower NY has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

49.     Hornblower NY has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to compensating Tipped Workers for all hours worked, the payment of overtime compensation, spread-of-hours pay, tips, and uniform-related expenses.

50.     Upon information and belief, at all relevant times Hornblower NY's annual gross volume of sales made or business done was not less than $500,000.00.

**Milton Weil**

51.     Upon information and belief, Defendant Milton Weil ("Weil") is a resident of the State of New York.

52.     At all relevant times, Weil has been an owner and operator of Star Hospitality Group.

53.     The Entity Information provided by the New York State Department of State Division of Corporations identifies Weil as the "Chief Executive Officer" of Walker Resources and SPS Resources.

54.     At all relevant times, Weil has had power over personnel decisions at Star Hospitality Group, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

55.     At all relevant times, Weil has had power over payroll decisions at Star Hospitality Group, including the power to retain time and/or wage records.

56.     At all relevant times, Weil has been actively involved in managing the day to day operations of Star Hospitality Group.

57.     At all relevant times, Weil has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

58.     At all relevant times, Weil has had the power to transfer the assets and/or liabilities of Star Hospitality Group.

59.     At all relevant times, Weil has had the power to declare bankruptcy on behalf of Star Hospitality Group.

60.     At all relevant times, Weil has had the power to enter into contracts on behalf of Star Hospitality Group.

61.     At all relevant times, Weil has had the power to close, shut down, and/or sell Star Hospitality Group.

62.     Weil is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Michael Walker**

63.     Upon information and belief, Defendant Michael Walker ("Walker") is a resident of the State of New York.

64.     At all relevant times, Walker has been an owner and operator of Star Hospitality Group.

65.     Walker identifies himself as the "FOUNDER AND OWNER AT STAR HOSPITALITY GROUP" on his LinkedIn page.

66.     Walker is identified as the "STAR CEO AND PRESIDENT" in Star Hospitality Group's Fall 2014 newsletter.

67.     At all relevant times, Walker has had power over personnel decisions at Star Hospitality Group, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

68.     At all relevant times, Walker has had power over payroll decisions at Star Hospitality Group, including the power to retain time and/or wage records.

69.     At all relevant times, Walker has been actively involved in managing the day to day operations of Star Hospitality Group.

70.     At all relevant times, Walker has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

71.     At all relevant times, Walker has had the power to transfer the assets and/or liabilities of Star Hospitality Group.

72.     At all relevant times, Walker has had the power to declare bankruptcy on behalf of Star Hospitality Group.

73.     At all relevant times, Walker has had the power to enter into contracts on behalf of

Star Hospitality Group.

74.     At all relevant times, Walker has had the power to close, shut down, and/or sell Star Hospitality Group.

75.     Walker is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**George Rizzo**

76.     Upon information and belief, Defendant George Rizzo ("Rizzo") is a resident of the State of New York.

77.     At all relevant times, Rizzo has been an owner and/or operator of Star Hospitality Group.

78.     Rizzo is identified as Star Hospitality Group's "MANAGING DIRECTOR" in Star Hospitality Group's Employee Handbook.

79.     Rizzo identifies himself as the "GENERAL MANAGER AT STAR STAFFING" on his LinkedIn page.

80.     Rizzo is identified as Star Hospitality Group's "GENERAL MANAGER" in Star Hospitality Group's Summer 2012 newsletter.

81.     At all relevant times, Rizzo has had power over personnel decisions at Star Hospitality Group, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

82.     At all relevant times, Rizzo has had power over payroll decisions at Star Hospitality Group, including the power to retain time and/or wage records.

83.     At all relevant times, Rizzo has been actively involved in managing the day to day operations of Star Hospitality Group.

84.     At all relevant times, Rizzo has had the power to stop any illegal pay practices

that harmed Plaintiff and similarly situated employees.

85.    At all relevant times, Rizzo has had the power to transfer the assets and/or liabilities of Star Hospitality Group.

86.    At all relevant times, Rizzo has had the power to declare bankruptcy on behalf of Star Hospitality Group.

87.    At all relevant times, Rizzo has had the power to enter into contracts on behalf of Star Hospitality Group.

88.    At all relevant times, Rizzo has had the power to close, shut down, and/or sell Star Hospitality Group.

89.    Rizzo is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Terry MacRae**

90.    Upon information and belief, Defendant Terry MacRae ("MacRae") is a resident of the State of California.

91.    At all relevant times, MacRae has been the founder, owner, and operator of Hornblower Cruises.

92.    The "HISTORY" page on Hornblower Cruises' corporate website, http://www.hornblower.com/about/corporate/history, identifies MacRae as the "FOUNDER AND CEO" of Hornblower Cruises.

93.    MacRae is the "Principal" listed on the New York State Liquor license for the premises doing business as "HORNBLOWER HYBRID" located at "353 WEST ST., PIER 40, NEW YORK, NY 10014."

94.    At all relevant times, MacRae has had power over personnel decisions at Hornblower Cruises, including the power to hire and fire employees, set their wages, and

otherwise control the terms and conditions of their employment.

95.   At all relevant times, MacRae has had power over payroll decisions at Hornblower Cruises, including the power to retain time and/or wage records.

96.   At all relevant times, MacRae has been actively involved in managing the day to day operations of Hornblower Cruises.

97.   At all relevant times, MacRae has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

98.   At all relevant times, MacRae has had the power to transfer the assets and/or liabilities of Hornblower Cruises.

99.   At all relevant times, MacRae has had the power to declare bankruptcy on behalf of Hornblower Cruises.

100.   At all relevant times, MacRae has had the power to enter into contracts on behalf of Hornblower Cruises.

101.   At all relevant times, MacRae has had the power to close, shut down, and/or sell Hornblower Cruises.

102.   MacRae is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Cameron Clark**

103.   Upon information and belief, Defendant Cameron Clark ("Clark") is a resident of the State of California.

104.   At all relevant times, Clark has been an owner and/or operator of Hornblower Cruises.

105.   Clark identifies himself as the "VP & GENERAL MANAGER" of Hornblower Cruises on his LinkedIn page.

106.   The "LEADERSHIP" page on Hornblower Cruises' corporate website, http://www.hornblower.com/about/corporate/leadership, identifies Clark as the "VICE PRESIDENT & GENERAL MANAGER OF NEW YORK."

107.   Clark is the "Principal" listed on the New York State Liquor license for the premises doing business as "HORNBLOWER HYBRID" located at "353 WEST ST., PIER 40, NEW YORK, NY 10014."

108.   At all relevant times, Clark has had power over personnel decisions at Hornblower Cruises, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

109.   At all relevant times, Clark has had power over payroll decisions at Hornblower Cruises, including the power to retain time and/or wage records.

110.   At all relevant times, Clark has been actively involved in managing the day to day operations of Hornblower Cruises.

111.   At all relevant times, Clark has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

112.   At all relevant times, Clark has had the power to transfer the assets and/or liabilities of Hornblower Cruises.

113.   At all relevant times, Clark has had the power to declare bankruptcy on behalf of Hornblower Cruises.

114.   At all relevant times, Clark has had the power to enter into contracts on behalf of Hornblower Cruises.

115.   At all relevant times, Clark has had the power to close, shut down, and/or sell Hornblower Cruises.

116.   Clark is a covered employer within the meaning of the FLSA and the NYLL, and at all

relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

## JURISDICTION AND VENUE

117.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

118.   This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

119.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

120.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

121.   Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked for Star Hospitality Group as Tipped Workers, who elect to opt-in to this action (the "FLSA Collective").

122.   Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

123.   Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective have not been paid premium overtime compensation for all hours worked beyond 40 per workweek.

124.   All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

125.   As part of its regular business practice, Defendants have intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff

and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek; and

(b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

126.   Defendants' unlawful conduct, as described in this Class Action Complaint, is

pursuant to a corporate policy or practice of minimizing labor costs by failing to properly

compensate Plaintiff and the FLSA Collective for the hours they have worked.

127.   Defendants are aware or should have been aware that federal law required them

to pay Tipped Workers overtime premiums for all hours worked in excess of 40 per workweek.

128.   Plaintiff and the FLSA Collective perform or performed the same primary duties.

129.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

130.   There are many similarly situated current and former Tipped Workers who have

been denied overtime compensation in violation of the FLSA who would benefit from the

issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice

should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

131.   Those similarly situated employees are known to Defendants, are readily

identifiable, and can be located through Defendants' records.

132.   In recognition of the services Plaintiff has rendered and will continue to render to the

FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

133.   Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth

Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on

behalf of himself and a class of persons consisting of:

    (a) All persons who work or have worked at Star Hospitality Group as Tipped Workers and similar employees in New York between December 19, 2008 and the date of final judgment in this matter (the "Rule 23 Class"); and

    (b) All persons who work or have worked at Star Hospitality Group at Hornblower Cruises events as Tipped Workers and similar employees in New York between December 19, 2008 and the date of final judgment in this matter (the "Hornblower Class").

134.    Excluded from the Rule 23 Class and the Hornblower Class (collectively, the "Classes") are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Classes.

135.    The members of the Classes are so numerous that joinder of all members is impracticable.  Upon information and belief, the size of the Classes are at least 50 individuals each.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

136.    Defendants have acted or have refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole.

137.    Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a) whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;

    (b) whether Defendants failed to pay Plaintiff and the Rule 23 Class for all hours

worked;

(c) whether Defendants have a policy and/or practice of "shaving" time from the total number of hours worked by Plaintiff and the Rule 23 Class and recorded in their time records;

(d) whether Defendants failed to compensate Plaintiff and the members of the Rule 23 Class for all hours worked up until 40 hours per workweek;

(e) whether Defendants have a policy and/or practice of requiring Plaintiff and the Rule 23 Class to work "off-the-clock;"

(f) whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;

(g) whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;

(h) whether Hornblower Defendants misappropriated tips and/or service charges, operations charge, or administrative fees (collectively, "service charges") from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(i) whether Hornblower Defendants distributed or retained a portion of the tips and/or service charges paid by customers to workers who are not entitled to receive tips under the NYLL;

(j) whether Defendants failed to pay Plaintiff and the Rule 23 Class for uniform-related expenses;

(k) whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(l) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(m) whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper statements with every payment of wages, as required by the NYLL;

(n) whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(o) the nature and extent of class-wide injury and the measure of damages for those injuries.

138.    The claims of Plaintiff are typical of the claims of the Classes he seeks to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as Tipped Workers at Star Hospitality Group in New York.  Plaintiff and all of the Hornblower Class members work, or have worked, for Defendants as Tipped Workers for Star Hospitality Group at Hornblower Cruises events in New York.  Plaintiff and the members of the Classes enjoy the same statutory rights under the NYLL, including to be properly compensated for all hours worked, to be paid overtime compensation and spread-of-hours pay, to retain customer tips and/or service charges, and to be reimbursed for uniform-related expenses.  Plaintiff and the members of the Classes have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff and the members of the Classes have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

139.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes.  Plaintiff understands that as a class representative, he assumes a fiduciary responsibility to the classes to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative, he must represent and consider the interests of the classes just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the classes.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the classes.  Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the members of the Classes.

140.    In recognition of the services Plaintiff has rendered and will continue to render to the Classes, Plaintiff will request payment of a service award upon resolution of this action.

141.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Classes have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.   Although the relative damages suffered by individual members of the Classes are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

142.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

143.   Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Stephen Jenkins**

144.   Defendants have not paid Jenkins the proper overtime compensation and spread-of-hours pay for all of the time that he was suffered or permitted to work each workweek.

145.   Throughout the duration of his employment, Jenkins has received weekly paychecks that have not properly recorded or compensated him for all the hours that he has worked.

146.   Defendants have "shaved" time from the total number of hours Jenkins has worked and recorded in his time records.  For example, during the week ending October 24, 2014, Jenkins worked 48 hours, however only 38.5 hours were reflected on his paycheck for this time period.

147.   Defendants have required Jenkins to perform work off-the-clock without compensation.  For instance, in accordance with Star Hospitality Group's Employee Handbook, Defendants have maintained a policy and/or practice of requiring Jenkins to arrive and perform work thirty minutes before his scheduled call time, even though he is not permitted to sign in until his scheduled call time.

148.   Defendants have suffered or permitted Jenkins to work over 40 hours per week as a server, bartender, and barback.  During such workweeks, Defendants have failed to compensate Jenkins at time and one-half his regular hourly rate for all hours worked beyond 40.

149.   Defendants have suffered or permitted Jenkins to work days spanning over 10 hours. Defendants have not paid Jenkins one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of her workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

150.   Defendants have not allowed Jenkins to retain all the tips he has earned.

151.   Defendants have unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that Jenkins has earned.

152.   Defendants have imposed upon Jenkins a tip redistribution scheme to which he has never agreed.

153.   Defendants' mandatory tip pooling arrangement has allocated a portion of Jenkins's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, including, but not limited to, managers.

154.   Defendants have unlawfully retained mandatory service charges received from customers purchasing tickets for Hornblower Cruises events.  In that regard, Hornblower Cruises charges customers a 20% to 25% service charge in connection with each ticket sold for one of its events.  Though Defendants have failed to disclose to their customers that the mandatory charge

is not a gratuity, that the mandatory charge will be retained by Defendants, and that the mandatory charge would not be distributed in its entirety as gratuities for the Tipped Workers who have provided the service to guests, Jenkins and other Tipped Workers have not received any portion of the mandatory service charge.

155.    Defendants have required Jenkins to wear a uniform consisting of a full tuxedo. Defendants have not laundered and/or maintained Jenkins's mandatory uniform, and have failed to pay Jenkins the required weekly uniform-maintenance amount in addition to the required minimum wage.

156.    Defendants have not kept accurate records of wages and tips earned, or of hours worked by Jenkins.

157.    Defendants have failed to furnish Jenkins with proper annual wage notices, as required by the NYLL.

158.    Defendants have failed to furnish Jenkins with a proper statement with every payment of wages, as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff and the FLSA Collective)

159.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

160.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

161.    Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

162.    At all times relevant, Plaintiff and the members of the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce

within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

163.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

164.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

165.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

166.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages to which they have been entitled under the FLSA – at a rate of 1.5 times their regular hourly wage rate – for all hours worked in excess of 40 per workweek.

167.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

168.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

169.    As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

170.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

171.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

172.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

173.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

174.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

175.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime wages to which they have been entitled under the NYLL and the supporting New York State Department of Labor Regulations – at a rate of 1.5 times their regular hourly wage rate – for all hours worked in excess of 40 per workweek.

176.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

177.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

178.   Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Spread-of-Hours Pay**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

179.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

180.   Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

181.   Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

182.   Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Tip Misappropriation
#### (Brought on behalf of Plaintiff and the members of the Hornblower Class)

183.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

184.    At all times relevant, Plaintiff and the members of the Rule Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

185.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

186.    Defendants have unlawfully demanded, accepted or retained, directly or indirectly, gratuities and/or mandatory service charges in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

187.    Defendants have required customers attending Hornblower Cruises events to pay a mandatory service charge in addition to the cost of their event tickets, without adequately informing customers that a portion of the mandatory service charge would be retained by Defendants.  Despite leading or allowing customers to reasonably believe that the mandatory service charge was entirely a gratuity for Plaintiffs and the members of the Rule 23 Class, Defendants have retained the mandatory service charge in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

188.    Defendants have unlawfully required Plaintiff and the members of the Rule 23 Class to share part of the gratuities and/or mandatory service charges they received with employees other than servers, bussers, bartenders, barbacks, or similar employees, in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

195.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

196.    Defendants have required Plaintiff and the members of the Rule 23 Class to wear a uniform consisting of clothing that is not ordinary basic street clothing selected by Plaintiff and the members of the Rule 23 Class, and that may not be worn as part of Plaintiff's and the members of the Rule 23 Class' ordinary wardrobes.

197.    Defendants have failed to launder and/or maintain the required uniforms for Plaintiff and the members of the Rule 23 Class, and have failed to pay them the required weekly amount in addition to the required minimum wage.

198.    Through their knowing or intentional failure to pay and/or reimburse Plaintiff and the members of the Rule 23 Class for the maintenance of required uniforms, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

199.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the costs of maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

200.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

201.    Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the

189.   Through their knowing or intentional demand for, acceptance of, and/or retention of Plaintiff's and the members of the Rule 23 Class' gratuities and/or mandatory service charges, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

190.   Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of all misappropriated gratuities and/or mandatory service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Pay Agreed-Upon Earned Wages
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

191.   Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

192.   Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class for all hours worked up to forty per workweek due to a policy and/or practice of "time shaving."

193.   By Defendants' failure to pay Plaintiff and the members of the Rule 23 Class all rightfully earned wages, Defendants have willfully violated the NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

194.   Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

202. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

203. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff with proper annual wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### EIGHTH CAUSE OF ACTION
**New York Labor Law -- Failure to Provide Proper Wage Statements**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

204. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

205. Defendants have willfully failed to furnish Plaintiff and the members of the Rule 23 Class with statements with every payment of wages as required by NYLL, Article 6, § 195(3),

listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

206.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

207.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this class action, or that the Court issue such notice, to all Tipped Workers who are presently working at, or who have worked at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, for Star Hospitality Group in New York.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime compensation, and an additional and equal amount as liquidated

damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

      C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

      D.      Designation of Plaintiff as representative of the Classes and counsel of record as Class Counsel;

      E.      Payment of a service award to Plaintiff, in recognition of the services he has rendered and will continue to render to the FLSA Collective and the Classes;

      F.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

      G.      Unpaid overtime compensation, spread-of-hours pay, misappropriated tips and/or mandatory service charges, uniform-related expenses, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

      H.      Statutory penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper annual wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

      I.      Statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with proper wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

      J.      Prejudgment and post-judgment interest;

      K.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

      L.      Reasonable attorneys' fees and costs of the action; and

      M.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
December 19, 2014

Respectfully submitted,

Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Eric J. Gitig
Nicholas P. Melito
475 Park Avenue South, 12th Floor
New York, NY 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiff and*
*the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.     I consent to be a party plaintiff in a lawsuit against   STAR STAFFING SERVICES and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.     By signing and returning this consent form, I hereby designate FITAPELLI & SCHAFFER, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.


_____
Signature


Stephen J. Jenkins
_____
Full Legal Name (Print)