UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
STEPHEN JENKINS, on behalf of himself and
all others similarly situated,                                    14 Civ. 10002 (JGK)

                                    Plaintiff,

                    -against-                                         <u>ANSWER</u>

WALKER RESOURCES, INC., d/b/a STAR
STAFFING SERVICES,  SPS RESOURCES,
INC, HORNBLOWER GROUP, INC., \
HORNBLOWER YACHTS, INC., HORN-
BLOWER NEW YORK, LLC, MILTON WEIL,
MICHAEL WALKER, GEORGE RIZZO,
TERRY MACRAE and CAMERON CLARK,

                                    Defendants.

_____x

        Defendants Hornblower Group, Inc., Hornblower New York, LLC, Hornblower Yachts,

LLC, incorrectly named herein as Hornblower Yachts, Inc., Terry MacRae and Cameron Clark

(hereinafter the "Hornblower Defendants"), by their attorneys, Kane Kessler, P.C., answer the

Class Action Complaint (the "Complaint") as follows:

<u>**NATURE OF THE ACTION**</u>

        1.      Deny any inference in paragraph 1 of the Complaint that the Hornblower

Defendants are liable to the Tipped Workers for any overtime compensation, spread-of-hours

pay, misappropriated tips, uniform-related expenses or any other damages.

        2.      Deny having knowledge or information sufficient to form a belief as to the

allegations of paragraph 2 of the Complaint, except admit that Star Staffing Services has a

contract with Hornblower New York, LLC, d/b/a Hornblower Cruises and Events ("Hornblower

Cruises").

        3.      Deny the allegations of paragraph 3 of the Complaint.

        4.      Deny the allegations of paragraph 4 of the Complaint.

#393006.1

5.      Deny the allegations of paragraph 5 of the Complaint that the Hornblower Defendants have violated the wage-and-hour provisions of the Fair Labor Standards Act ("FLSA").

6.      Deny the allegations of paragraph 6 of the Complaint that the Hornblower Defendants have violated New York Labor Law (NYLL"), Article §6, §§190 et. seq., and supporting New York Department of Labor Regulations.

## PARTIES

### Plaintiff

**Stephen Jenkins**

7.      Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 7 of the Complaint.

8.      Deny that Jenkins worked numerous events at Hornblower Cruises and deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 8 of the Complaint.

9.      Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint.

10.      Admit the allegations of paragraph 10 of the Complaint.

### Defendants

11.      Deny the allegations of paragraph 11 of the Complaint.

12.      Deny the allegations of paragraph 12 of the Complaint.

**Walker Resources, Inc., d/b/a Star Staffing Services**

13.      Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 13 of the Complaint.

14.     Denhaving knowledge or information sufficient to form a belief as to the allegations of paragraph 14 of the Complaint.

15.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 15 of the Complaint.

16.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 16 of the Complaint.

17.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 17 of the Complaint.

18.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint.

19.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 19 of the Complaint.

20.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 20 of the Complaint.

**SPS Resources, Inc.**

21.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 21 of the Complaint.

22.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 22 of the Complaint.

23.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 23 of the Complaint.

24.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 24 of the Complaint.

25.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 25 of the Complaint.

26.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 26 of the Complaint.

27.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 27 of the Complaint.

28.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 28 of the Complaint.

**Hornblower Group, Inc.**

29.     Deny the allegations of paragraph 29 of the Complaint.

30.     Admit the allegations of paragraph 30 of the Complaint.

31.     Admit the allegations of paragraph 31 of the Complaint.

32.     Deny the allegations of paragraph 32 of the Complaint.

33.     Deny the allegations of paragraph 33 of the Complaint.

34.     Deny the allegations of paragraph 34 of the Complaint.

35.     Deny the allegations of paragraph 35 of the Complaint.

**Hornblower Yachts, LLC**

36      Deny the allegations of paragraph 36 of the Complaint.

37.     Admit the allegations of paragraph 37 of the Complaint.

38.     Admit the allegations of paragraph 38 of the Complaint.

39.     Deny the allegations of paragraph 39 of the Complaint.

40.     Deny the allegations of paragraph 40 of the Complaint.

41.     Deny the allegations of paragraph 41 of the Complaint.

42.     Admit the allegations of paragraph 42 of the Complaint.

**Hornblower New York LLC**

43.     Deny the allegations paragraph 43 of the Complaint that Hornblower New York, LLC, has owned and operated Hornblower Cruises together with the other Defendants.

44.     Admit the allegations of paragraph 44 of the Complaint.

45.     Admit the allegations of paragraph 45 of the Complaint.

46.     Admit the allegations of paragraph 46 of the Complaint.

47.     Deny the allegations of paragraph 47 of the Complaint that Hornblower New York, LLC, has employed Plaintiff and "similarly situated employees."

48.     Deny the allegations of paragraph 48 of the Complaint.

49.     Deny the allegations or paragraph 49 to the extent it infers that Hornblower New York, LLC, is the employer of Plaintiff and "similarly situated employees."

50.     Admit the allegations of paragraph 50 of the Complaint.

**Milton Weil**

51.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 51 of the Complaint.

52.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 52 of the Complaint.

53.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 53 of the Complaint.

54.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 54 of the Complaint.

55.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 55 of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 56 of the Complaint.

57.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 57 of the Complaint.

58.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 58 of the Complaint.

59.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 59 of the Complaint.

60.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 60 of the Complaint.

61.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 61 of the Complaint.

62.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 62 of the Complaint.

**Michael Walker**

63.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 63 of the Complaint.

64.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 64 of the Complaint.

65.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 65 of the Complaint.

66.     Deny having knowledge or information sufficient to form a belief as the allegations of paragraph 66 of the Complaint.

67.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 67 of the Complaint.

68.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 68 of the Complaint.

69.     Deny having knowledge of information sufficient to form a belief as to the allegations of paragraph 69 of the Complaint.

70.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 70 of the Complaint.

71.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 71 of the Complaint.

72.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 72 of the Complaint.

73.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 73 of the Complaint.

74.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 74 of the Complaint.

75.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 75 of the Complaint.

**George Rizzo**

76.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 76 of the Complaint.

77.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 77 of the Complaint.

78.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 78 of the Complaint.

79.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 79 of the Complaint.

80.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 80 of the Complaint.

81.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 81 of the Complaint.

82.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 82 of the Complaint.

83.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 83 of the Complaint.

84.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 84 of the Complaint.

85.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 85 of the Complaint.

86.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 86 of the Complaint.

87.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 87 of the Complaint.

88.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 88 of the Complaint.

89.     Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 89 of the Complaint.

**Terry MacRae**

90.     Admit the allegations of paragraph 90 of the Complaint.

91.     Deny the allegations of paragraph 91 and affirmatively assert that Hornblower Cruises and Events is a d/b/a for Hornblower New York, LLC.

92.     Admit the allegations of paragraph 92 of the Complaint.

93.     Admit the allegations of paragraph 93 of the Complaint.

94.     Deny the allegations of paragraph 94 to the extent they infer that MacRae had the power to make personnel decisions about Plaintiff or any non-employee of Hornblower Cruises and affirmatively assert that Hornblower Cruises was not the employer of Plaintiff or "similarly situated employees."

95.     Deny the allegations of paragraph 95 of the Complaint to the extent they infer that MacRae had the power over payroll decisions about Plaintiff or any non-employee of Hornblower Cruises and asserts that Hornblower Cruises was not the employer of Plaintiff or "similarly situated employees."

96.     Deny the allegations of paragraph 96 of the Complaint.

97.     Deny the allegations of paragraph 97 to the extent they infer that there were any illegal pay practices with respect to Plaintiff or any other non-employee of Hornblower Cruises and affirmatively assert that Hornblower Cruises was not the employer of Plaintiff or "similarly situated employees."

98.     Admit the allegations of paragraph 98 of the Complaint.

99.     Admit the allegations of paragraph 99 of the Complaint.

100.    Admit the allegations of paragraph 100 of the Complaint.

101.    Admit the allegations of paragraph 101 of the Complaint.

102.    Deny the allegations of paragraph 102 of the Complaint.

**Cameron Clark**

103.    Deny the allegations of paragraph 103 of the Complaint.

104.    Deny the allegations of paragraph 104 of the Complaint.

105.    Admit the allegations of paragraph 105 of the Complaint.

106.    Admit the allegations of paragraph 106 of the Complaint.

107.    Admit the allegations of paragraph 107 of the Complaint.

108.    Deny the allegations of paragraph 108 to the extent they infer that Clark had the power to make personnel decisions about Plaintiff or any other non-employee of Hornblower Cruises and assert that Hornblower Cruises was not the employer of Plaintiff or "similarly situated employees."

109.    Deny the allegations of paragraph 109 to the extent they infer that Clark had the power to make personnel decision about Plaintiff or any other non-employee of Hornblower Cruises and assert that Hornblower Cruises was not the employer of Plaintiff or "similarly situated employees."

110.    Admit the allegations of paragraph 110 of the Complaint.

111.    Deny the allegations of paragraph 11 to the extent they infer that there were any illegal pay practices with respect to Plaintiff or any non-employee of Hornblower Cruises and affirmatively assert that Hornblower Cruises was not the employer of Plaintiff or "similarly situated employees."

112.    Deny the allegations of paragraph 112 of the Complaint.

113.    Deny the allegations of paragraph 113 of the Complaint.

114.    Admit that Clark had the power to enter into contracts with respect to the operations of Hornblower New York, LLC, d/b/a Hornblower Cruises and Events.

115.    Deny the allegations of paragraph 115 of the Complaint.

116.   Deny the allegations of paragraph 116 of the Complaint.

## JURISDICTION AND VENUE

117.   Paragraph 117 has no factual assertions requiring an answer.

118.   Paragraph 118 has no factual assertion requiring an answer.

119.   Paragraph 119 has no factual assertion requiring an answer.

120.   Admits the allegations of paragraph 120 of the Complaint to the extent that the events and omissions alleged in this Complaint are alleged to have occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

121.   Paragraph 121 of the Complaint contains no factual assertions requiring an answer.

122.   Deny the allegations of paragraph 122 of the Complaint.

123.   Deny the allegations of paragraph 123 of the Complaint.

124.   Deny the allegations of paragraph 124 of the Complaint.

125.   Deny the allegations of paragraph 125 of the Complaint.

126.   Deny the allegations of paragraph 126 of the Complaint.

127.   Admit the allegations of paragraph 127 of the Complaint, but asserts upon information and belief that Plaintiff and all "similarly situated employees" were paid overtime compensation for hours worked in excess of 40 in a workweek.

128.   Deny the allegations of paragraph 128 of the Complaint.

129.   Deny the allegations of paragraph 129 of the Complaint.

130.   Deny the allegations of paragraph 130 of the Complaint.

131.   Deny the allegations of paragraph 131 of the Complaint.

132.   Paragraph 132 contains no factual assertions requiring an answer.

## CLASS ACTION ALLEGATIONS

133.    Paragraph 133 of the Complaint contains no factual assertions requiring an answer.

134.    Paragraph 134 of the Complaint contains no factual assertions requiring an answer.

135.    Deny the allegations of paragraph 135 of the Complaint.

136.    Deny the allegations of paragraph 136 of the Complaint.

137.    Deny the allegations of paragraph 137 of the Complaint.

138.    Deny the allegations of paragraph 138 that Plaintiff and Members of the Class have sustained damages as a result of Defendants' failure to comply with NYLL or have been uncompensated or under-compensated due to Defendants' common policies, practices and patterns of conduct.

139.    Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 139 of the Complaint.

140.    Paragraph 140 contains no factual assertion requiring an answer.

141.    Deny the allegations of paragraph 141 that members of the Classes have been damaged and are entitled to recovery as a result of Defendants' alleged violation of the NYLL and their alleged common and uniform policies, practices and procedures.

142.    Deny the allegations of paragraph 142.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

143.    Deny the allegations of paragraph 143 of the Complaint.

**Stephen Jenkins**

144.    Deny the allegations of paragraph 144 of the Complaint to the extent they allege that Hornblower Defendants failed to pay Plaintiff overtime and spread-of-hours pay and assert that none of the Hornblower Defendants is or ever was his employer.  Deny having knowledge or

12

information sufficient to form a belief as to the remaining allegations of paragraph 144 of the Complaint.

145.   Deny having knowledge or information sufficient to form a belief as to the allegations of paragraph 45 of the Complaint and assert that none of the Hornblower Defendants is or ever was Plaintiff's employer.

146.   Deny the allegations of paragraph 146 of the Complaint to the extent they allege that the Hornblower Defendants shaved hours from Plaintiff's work time and assert that the none of the Hornblower Defendants is or ever was his employers.  Deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 146 of the Complaint.

147.   Deny the allegations of paragraph 147 of the Complaint to the extent they allege that the Hornblower Defendants required plaintiff to work off-the-clock and assert that none of the Hornblower Defendants is or ever was his employers.  Deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 147 of the Complaint.

148.   Deny the allegations of paragraph 148 of the Complaint to the extent they allege that they Hornblower Defendants have permitted Plaintiff to work over 40 hours in a workweek and failed to compensate him for overtime and assert that none of the Hornblower Defendants is or ever was his employer.   Deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 148 of the Complaint.

149.   Deny the allegations of paragraph 149 of the Complaint to the extent they allege that the Hornblower Defendants have permitted Plaintiff to work days spanning over ten (10) hours and not paid him an additional hours pay and assert that none of the Hornblower

Defendants is or ever was his employer.  Deny having knowledge or information sufficient to

form a belief as to the remaining allegations of paragraph 149 of the Complaint.

150.    Deny the allegations of paragraph 150 of the Complaint to the extent they allege

that the Hornblower Defendants did not allow Plaintiff to retain all his tips and assert that none

of the Hornblower Defendants is or ever was his employers.  Deny having knowledge or

information sufficient to form a belief as to the remaining allegations of paragraph 150 of the

Complaint.

151.    Deny the allegations of paragraph 151 of the Complaint to the extent they allege

that the Hornblower Defendants demanded, handled, pooled, counted, distributed, accepted

and/or retained portions of Plaintiff's tips and assert that none of the Hornblower Defendant is or

ever was his employers.  Deny having knowledge or information sufficient to form a belief as to

the remaining allegations of paragraph 151 of the Complaint.

152.    Deny the allegations of paragraph 152 of the Complaint to the extent they allege

that the Hornblower Defendants imposed a tip redistribution scheme on Plaintiff and assert that

none of the Hornblower Defendants is or ever was his employer.  Deny having knowledge or

information sufficient to form a belief as to the remaining allegations of paragraph 152 of the

Complaint.

153.    Deny the allegations of paragraph 153 of the Complaint to the extent they allege

that the Hornblower Defendants had a mandatory tip pooling arrangement that allocated portions

of his tips to employees who were not entitled to receive tips and assert that none of the

Hornblower Defendants is or ever was his employers.  Deny having knowledge or information

sufficient to form a belief as to the remaining allegations of paragraph 153 of the Complaint.

154.     Deny the allegations of paragraph 154 of the Complaint and assert that none of Hornblower Defendants is or ever was the employer of Plaintiff or similarly situated Tipped Workers.

155.     Deny the allegations of paragraph 155 of the Complaint to the extent it alleges that the Hornblower Defendants required Plaintiff to wear a tuxedo and failed to launder or pay him a maintenance amount and assert that none of the Hornblower Defendants is or ever was his employers.  Deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 155 of the Complaint.

156.     Deny the allegations of paragraph 156 that Hornblower Cruises has not kept accurate records of the hours worked by Jenkins and assert that none of the Hornblower Defendants is or ever was Plaintiff's employers.  Deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 156 of the Complaint.

157.     Deny having knowledge or information as to whether Plaintiff's employer furnished him with the proper wage statement required by the NYLL and affirmatively assert that none of the Hornblower Defendants is ore ever was his employer.

158.     Deny having knowledge or information sufficient to form a belief as to whether Plaintiff's employer furnished Plaintiff with a proper statement with every wage payment as required by the NYLL and affirmatively assert that none of the Hornblower Defendants was his employer.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on Behalf of Plaintiff and FLSA Collective

159.     Hornblower Defendants repeat and reiterate the answers set forth in paragraphs 1 through 158 hereof as if set forth herein at length.

160.     Deny the allegations of paragraph 160 of the Complaint.

161.    Admit the allegations of paragraph 161 of the Complaint.

162.    Deny that Plaintiff or members of the FLSA Collective have been employed by any of the Hornblower Defendants.

163.    Deny that Plaintiff or members of the FLSA Collective were employees of any of the Hornblower Defendants.

164.    Deny that any of the Hornblower Defendants have been employers of Plaintiff or any members of the FLSA Collective.

165.    Paragraph 165 contains a legal conclusion that does not require an answer.

166.    Deny the allegations of paragraph 166 of the Complaint to the extent they allege that the Hornblower Defendants failed to pay Plaintiff and members of the FLSA Collective the overtime wages to which they were entitled and assert that none of the Hornblower Defendants is or ever was the employer of Plaintiff or members of the FLSA Collective.   Deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 166 of the Complaint.

167.    Deny the allegations of paragraph 167 of the Complaint to the extent they allege that the Hornblower Defendants have engaged in any unlawful conduct or has done so in a willful and intentional manner and assert that none of the Hornblower Defendants is or ever was an employer of Plaintiff or the members of the FLSA Collective.   Deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 167 of the Complaint.

168.    Deny that allegations of paragraph 168 of the Complaint to the extent they allege that the Hornblower Defendants have violated the FLSA and have done so in a willful manner and assert that none of the Hornblower Defendants is or ever was an employer of Plaintiff or

members of the FLSA Collective.  Deny having knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 168 of the Complaint.

169.    Deny the allegations of paragraph 169 of the Complaint to the extent they allege that the Hornblower Defendants have engaged in any violations of the FLSA and assert that none of the Hornblower Defendants is or ever was an employer of Plainitff or members of the FLSA Collective.  Deny having knowledge or information sufficient to form a belief as to the remaining allegations of the Complaint.

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on Behalf of Plaintiff and Members of the Rule 23 Class)

170.    The Hornblower Defendants repeat and reiterate the answers set forth in paragraph 1 hereof 169 herein as if set forth herein at length.

171.    Deny the allegations of paragraph 171 of the Complaint.

172.    Deny that Plaintiff and members of the Rule 23 Class have been employees of any of the Hornblower Defendants.

173.    Paragraph 123 of the Complaint contains a legal conclusion that does not require an answer.

174.    Paragraph 124 of the Complaint contains a legal conclusion that does not require an answer.

175.    Deny the allegations of paragraph 175 of the Complaint.

176.    Deny the allegations of paragraph 176 of the Complaint.

177.    Deny the allegations of paragraph 177 of the Complaint.

178.    Deny the allegations of paragraph 178 of the Complaint.

## THIRD CAUSE OF ACTION
### New York Labor Law – Spread of Hours
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

179.    The Hornblower Defendants repeat and reiterate the answers set forth in paragraph 1 through 178 hereof as if set forth herein at length.

180.    Deny the allegations of paragraph 180 of the Complaint.

181.    Deny the allegations of paragraph 181 of the Complaint.

182.    Deny the allegations of paragraph 182 of the Complaint.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Tip Misappropriation
### (Brought on behalf of Plaintiff and members of the Hornblower Class)

183.    The Hornblower Defendants repeat and reiterate the answers set forth in paragraph 1 through 182 as if set forth herein at length.

184.    Deny the allegations of paragraph 184 to the extent they infer that Plaintiff and members of the Rule 23 Class were employees of any of the Hornblower Defendants.

185.    Paragraph 185 contains a legal conclusion that does not require an answer.

186.    Deny the allegations of paragraph 186 of the Complaint.

187.    Deny the allegations of paragraph 187 of the Complaint.

188.    Deny the allegations of paragraph 188 of the Complaint.

189.    Deny the allegations of paragraph 189 of the Complaint.

190.    Deny the allegations of paragraph 190 of the Complaint.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Pay Agreed-Upon Earned Wages
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

191.    The Hornblower Defendants repeat and reiterate the answers set forth in paragraph 1 through 190 hereof as if set forth herein at length.

192.    Deny the allegations of paragraph 192 of the Complaint.

193.    Deny the allegations of paragraph 193 of the Complaint.

194.    Deny the allegations of paragraph 194 of the Complaint.

18

## SIXTH CAUSE OF ACTION
### New York Labor Law – Uniform Violations
### (Brought on behalf of Plaintiff and members of the Rule 23 Class)

195.    The Hornblower Defendants repeat and reiterate the answers set forth in paragraphs 1 through 194 hereof as if set forth herein at length.

196.    Deny the allegations of paragraph 195 of the Complaint.

197.    Deny the allegation of paragraph 196 that the Plaintiff and members of the Rule 23 Class were required to wear a uniform.

198.    Deny the allegations of paragraph 198 of the Complaint.

199.    Deny the allegations of paragraph 199 of the Complaint.

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (Brought on behalf of Plaintiff and members of the Rule 23 Class

200.    The Hornblower Defendants repeat and reiterate the answers set forth in paragraph 1 through 199 hereof as if set forth herein at length.

201.    Deny the allegations of paragraph 201 of the Complaint.

202.    Deny the allegations of paragraph 202 of the Complaint.

203.    Deny the allegations of paragraph 203 of the Complaint.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Wage Statements
### (Brought on behalf of Plaintiff and members of the Rule 23 Class)

204.    The Hornblower Defendants repeat and reiterate the answers set forth in paragraph 1 through 203 hereof as if set forth herein at length.

205.    Deny the allegations of paragraph 205 of the Complaint.

206.    Deny the allegations of paragraph 206 of the Complaint.

207.    Deny the allegations of paragraph 207 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

208.    This Court lacks personal jurisdiction over California defendants Hornblower Group, Inc, Hornblower Yachts, LLC and Terry MacRae.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

209.    Plaintiff has failed to properly effectuate service of process on the California defendants Hornblower Group, Inc, Hornblower Yachts, LLC and Terry MacRae.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

210.    The Complaint fails to state a claim against the Hornblower Defendants for unpaid overtime compensation in violation of the FLSA.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

211.    The Complaint fails to state a cause of action against the Hornblower Defendants for unpaid overtime compensation in violation of the NYLL.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

212.    The Complaint fails to state a cause of action against the Hornblower Defendants for unpaid spread-of-hours pay in violation of the NYLL.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

213.    The Complaint fails to state a cause of action against the Hornblower Defendants for tip misappropriation in violation of the NYLL.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

214.    The Complaint fails to state a cause of action against the Hornblower Defendants for failure to pay agreed-upon earned wages in violation of the NYLL.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

215.    The Complaint fails to state a cause of action against the Hornblower Defendants for uniform violations in violation of the NYLL.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

216.     The Complaint fails to state a cause of action against the Hornblower Defendants for failure to provide annual wage notices pursuant to the NYLL.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

217.     The Complaint fails to state a cause of action against the Hornblower Defendants for failure to provide proper wage statements in violation of the NYLL.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

218.     Plaintiff and putative FLSA Collective and Rule 23 Class members are not and never were employees of any of the Hornblower Defendants.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

219.     Defendant Hornblower Group, LLC, is a holding company that does not manage or operate any dining events or employ or supervise any Tipped Workers.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

220.     Hornblower Yachts, LLC, does not own, operate or manage Hornblower Cruises and does not do business outside the State of California.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DFENSE

221.     Defendant Clark has no ownership interest in Hornblower New York, LLC d/b/a Hornblower Cruises and Events, in Hornblower Yachts, LLC, or in Hornblower Group. Inc.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

222.     Plaintiff Jenkins is not representative of the putative FLSA Collective .

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

223.     Plaintiff Jenkins is not representative of the putative Rule 23 Class.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

224.     Defendant Hornblower New York, LLC, maintained time records for Plaintiff and all members of the putative FLSA Collective and Rule 23 Class.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

225.    Plaintiff and all members of the putative FLSA Collective and Rule 23 Class signed in when they boarded the vessel on which the event was taking place and signed out when they disembarked at the conclusion of the event.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

226.    Upon information and belief, Plaintiff and all members of the putative FLSA ollective and Rule 23 Class were paid for every hour they worked.

## AS AND FOR AN NINETEENTH AFFIRMATIVE DEFENSE

227.    Upon information and belief, Plaintiff and all members of the putative FLSA Collective and Rule 23 Class were paid at the rate of one- and one-half times their regular rate of pay for every hour they worked in excess of 40 in a workweek.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

228.    Upon information and belief, Plaintiff and all members of the putative FLSA Collective and Rule 23 Class were paid for any spread of hours in excess of ten (10) in a workday.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

229.    The charter contracts and the website for Hornblower Cruises and Events ("Hornblower Cruises") expressly state that the administrative charge is not a gratuity and is not distributed to the service employees and further states that any gratuities that a customer wishes to leave are entirely discretionary.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

230.    Hornblower Cruises has no policy or practice of requiring tipped employees to pool their tips.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

231.    Hornblower Cruises does not distribute any portion of gratuities received for service employees to managers or any other employees who are not entitled to share in gratuities.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

232.    Neither Plaintiff nor any member of the putative FLSA Collective or the Rule 23 Class was ever required to wear a tuxedo for work at a Hornblower Cruises event.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

233.    Plaintiff and all members of the putative FLSA Collective and Rule 23 Class were required to wear only ordinary street clothes consisting of a black shirt and black slacks of any style and brand while working at a Hornblower Cruises event.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

234.    The Hornblower Defendants were not required to provide Plaintiff or any members of the putative FLSA Collective and Rule 23 Class with the annual wage notice required by the NYLL since none of the Hornblower Defendants were their employers.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

235.    The Hornblower Defendants were not required to provide Plaintiff or any members of the putative FLSA Collective and Rule 23 Class with wage statements since none of the Hornblower Defendants were their employers.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

236.    The Complaint is barred in whole or in part by the applicable statute of limitations.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

237.    The Complaint is barred by the doctrine of laches.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

238.   The Complaint is barred by the doctrine of accord and satisfaction.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

239.   The Complaint is barred by the doctrine of unclean hands.

**WHEREFORE**, the Hornblower Defendants respectfully submit that the Complaint

should be dismissed in its entirety and the Hornblower Defendants should be awarded the costs

Dated: New York, N.Y.
       February 20, 2015

                          Respectfully submitted,
                          **KANE KESSLER, P.C.**
                          **Attorneys for Defendants Hornblower Group,**
                          **Inc.,  Hornblower Yachts, LLC,**
                          **Hornblower New York, LLC, Terry MacRae and**
                          **Cameron Clark**

                          By:
                          **Judith A. Stoll (JS – 9896)**
                          **1350 Avenue of the Americas**
                          New York, N.Y. 10019
                          (212)519-5165
                          jstoll@kanekessler.com

TO:  **FITAPELLI  & SCHAFFER, LLP**
     **Attorneys for Plaintiff**
     **475 Park Avenue**
     **New York, N.Y. 10016**
     **(212)300-0375**

     **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
     **Att:  Peter Shapiro, Esq.**
     **77 Water Street**
     **New York, N.Y. 10005**
     **(212)232-1300**

     **TANNENBAUM HELPERN SYRACUSE & HIRSCHRIT LLP**
     **Att:  Joel Klarreich, Esq.**
     **900 Third Avenue**
     **New York, N.Y. 10022**
     **(212)508-6700**
**Attorneys for Defendants Walker Resources, Inc.,**
**SPS Resources, Milton Weil a/k/a Michael Walker, and George Rizzo**

24